UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-171-H

**CONNIE MARSHALL**                                                                                             **PLAINTIFF**

**v.**

**BRETT JOHNSON** *et al.*                                                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

Before the Court are several motions filed by Plaintiff: 1) motion for recusal of Judge Russell (DN 8); 2) motion for reconsideration of the Court's order denying Plaintiff's motion for emergency injunctive relief (DN 10); 3) Plaintiff's "Second Motion for Emergency Injunctive Relief, Motion for Emergency Restraining Order and Motion for Emergency Protective Order" (DN 7); and 4) Plaintiff's "Third Motion for Emergency Injunctive Relief, Motion for Emergency Restraining Order and Motion for Emergency Protective Order" (DN 9). The Court will address each motion below.

   1.   **Motion for recusal of Judge Russell (DN 8).** On April 9, 2007, Plaintiff filed a Motion for Emergency Injunctive Relief, Motion for Emergency Restraining Order and Motion for Emergency Protective Order in this matter seeking an immediate injunction against the Louisville, Kentucky, Federal Bureau of Investigation ("FBI") and its employees. According to Plaintiff since approximately July 2004 she had been "severely terrorized, tortured, threatened, and harassed" by the Louisville FBI by having an illegal wiretap placed on her telephone. She also alleged that the FBI had intercepted her mail, sent threatening and sexually inappropriate messages to her through her computer, and created "illegal noises [that] may have caused or could have caused future damage to [her] hearing." Because this Judge was unavailable to

immediately consider the motion and given its nature, it was referred to the Honorable Judge Thomas B. Russell for review. After having reviewed the motion and the underlying complaint, Judge Russell entered an Order denying the motion. This matter, however, has not been permanently transferred to Judge Russell. Only Plaintiff's motion was referred to Judge Russell so that it could be immediately considered by the Court. As such, there is no basis upon which to recuse Judge Russell from this case as it has not been permanently assigned to him. Even it were, however, Plaintiff has not cited any basis to recuse Judge Russell from acting on her cases. Plaintiff complains that recusal is required because Judge Russell has ruled against other *pro se* litigants in the past. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff also states that recusal is necessary because she has sued Judge Russell and others in a separate putative class action. This is an insufficient reason for recusal. "The mere fact that [the judge] may be one of the numerous federal judges that [Plaintiff] has filed suit against is not sufficient to establish that [his] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005). Accordingly, Plaintiff's motion to recuse (DN 8) is **DENIED.**

    **2.**    **Motion for reconsideration (DN 10).** The Federal Rules of Civil Procedure do not provide for motions for reconsideration; however, because Plaintiff's motion was filed within ten days of the Court's order denying her motion, the Court will construe it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Motions to alter or amend under Fed. R. Civ. P. 59(e) are generally granted for four principal reasons: (1) if there is a clear error of law; (2)

newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such motions are extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). Moreover, parties may not use Rule 59(e) to re-argue issues previously presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). In the present motion, Plaintiff has merely submitted arguments and "additional evidence" of the nature previously considered and rejected by this Court. Accordingly, Plaintiff's motion to alter or amend (DN 10) is **DENIED**.

        **3.**      **Plaintiff's second and third motions for emergency relief (DNs 7 & 9).**

Plaintiff makes substantially the same arguments in her second and third motions for injunctive relief as she did in her initial motion, which has already been denied by this Court. Accordingly, the Court incorporates its April 11, 2007, Memorandum and Order (DN 5) by reference and for the reasons stated therein **DENIES** Plaintiff's second and third motions for emergency relief (DNs 7 & 9).

Plaintiff has now filed three virtually identical motions for emergency relief in this case. Due to their time sensitive nature such motions place an enormous strain on the Court. The Court has already determined that injunctive relief is not appropriate on the "evidence" submitted by Plaintiff to date. **The Clerk of Court is DIRECTED not to accept any additional motions for emergency relief from Plaintiff in this matter unless Plaintiff has received prior permission from the Court to file such motions.** If Plaintiff desires leave to file such a motion, she shall describe the nature of any additional evidence she has obtained and

3

explain why the proposed motion is different from those previously denied by the Court. Any such motion shall be contained on the Court's pre-approved motion form. **The Clerk of Court is DIRECTED to provide Plaintiff with the motion form for use by *pro se* litigants.**

**<u>Plaintiff is warned that the filing of frivolous motions and lawsuits is an abuse of the judicial process and may result in the imposition of monetary or other sanctions against her</u>.**

Date:

cc: Plaintiff, *pro se*
    Defendants
4412.008