UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-171-H

**CONNIE MARSHALL**                                                                 **PLAINTIFF**

v.

**BRETT JOHNSON** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action in which she alleges that Defendants the Louisville, Kentucky, Federal Bureau of Investigation ("FBI") and its employees have violated "the Patriot Act, the laws regarding wire tapping, the fourteenth amendment, title 18 U.S.C. § 245, FCC Rules and Federal Wiretapping Law." She requests that Defendants be terminated and incarcerated. She is also seeking one hundred million dollars in compensatory damages. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed. Plaintiff will also be directed to show cause why the Court should not impose prefiling restrictions on her.

### I. BACKGROUND

According to Plaintiff since approximately July 2004 she has been "severely terrorized, tortured, threatened, and harassed" by the Louisville FBI by having an illegal wiretap placed on her telephone. She also alleges that the FBI has intercepted her mail, sent threatening and sexually inappropriate messages to her through her computer, and created "illegal noises [that] may have caused or could have caused future damage to [her] hearing." Plaintiff states that the FBI's motive for its alleged conduct arises out of the fact that Plaintiff filed a complaint with

Washington officials about the local FBI's refusal to investigate a hate crime allegedly committed against her by a former co-worker in 2004 and the ensuing cover-up.

As Plaintiff states in her complaint, she previously filed a nearly identical action against these same Defendants in 2005, *Marshall v. Johnson et al.*, 3:05CV-261-S. That action was dismissed in its entirety on initial screening because Plaintiff had not presented any viable claims for relief over which this Court had jurisdiction. Plaintiff appealed the dismissal of her 2005 suit to the Sixth Circuit. Her appeal was dismissed. While Plaintiff's list of alleged actions by the FBI has grown since 2005, the named Defendants, substance of her claims, and the majority of her causes of action remain the same.

## II. ANALYSIS

Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**A.      Complaints about events occurring between 2004 and May 2005.**

"The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). As the Supreme Court has stated, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is barred under the doctrine of claim preclusion when the following four elements exist: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

As for Plaintiff's complaints about events occurring between 2004 and 2005, with the exception of Plaintiff's Patriot Act claim, each of the four elements of claim preclusion is present in the instant case, binding this Court to the decision rendered in *Marshall v. Johnson et al.*, 3:05CV-261-S. As such, these claims will be dismissed.

**B.      Complaints about events occurring after May 2005.**

Because events occurring after the Court's May 2005 dismissal could not have been litigated as a part of the prior action, res judicata does not bar those claims. However, with the exception of the Patriot Act claim, these claims are substantively the same as the claims previously dismissed by the Court. Accordingly, the Court adopts and incorporates by reference herein the Court's May 20, 2005, Memorandum and Opinion in the matter of *Marshall v. Johnson et al.*, 3:05CV-261-S. For the reasons explained in that opinion, Plaintiff's claims

related to conduct occurring after May 2005 will also be dismissed.

### C. Patriot Act claim.

Plaintiff's 2005 action did not allege a violation of the Patriot Act. Accordingly, res judicata does not bar this claim. However, this claim is also subject to dismissal. Plaintiff fails to explain which provision of the Act was allegedly violated, and she has shown no private right of action under the Act. *See Med. Supply Chain, Inc. v. US Bancorp, NA*, No. Civ. A. 02-2539-CM, 2003 U.S. Dist. LEXIS 10787, 2003 WL 21479192 (D. Kan. June 16, 2003) ("[N]o private right of action exists to enforce the Patriot Act."), *aff'd*, 112 Fed. Appx. 730 (10th Cir. 2004). The Patriot Act claim fails and will also be dismissed.

### III. PROPOSED PREFILING RESTRICTIONS

Federal courts have the inherent power to regulate the activities of abusive litigants. "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). The Sixth Circuit has recognized that there is "nothing wrong, in circumstances such as these, with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* In most cases, the preferred approach is to require an abusive litigant to obtain leave of the court before filing any more lawsuits. *Id.* Also, where a litigant has "demonstrated a history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith," the Court may enter an order prospectively denying *in forma pauperis*

status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989).

**A.     Plaintiff's litigation history in this Court as pertaining to the alleged 2004 hate crime and ensuing events.**

In addition to the present lawsuit, Plaintiff has filed six other lawsuits that relate in one way or another to the alleged 2004 hate crime.

(**1**)     *Marshall v. Hall-Craig et al.*, **3:04CV-612-S.**  On October 29, 2004, Plaintiff filed a *pro se*, fee-paid civil action against the Chairperson of the EEOC in Washington, D.C., and against the Director and two investigators of the Louisville Area Office of the EEOC. She alleged that in violation of Title VII, defendants failed to discuss her complaints about hate crimes, sexual harassment, racial discrimination and retaliation before dismissing them and that they changed the charges numerous times, suppressed evidence, knew her employer's attorney, and did not interview witnesses. Because Plaintiff paid the filing fee, the Clerk issued summonses, and Plaintiff effected service. The defendants filed a motion to dismiss, which the Court granted by Memorandum Opinion and Order entered May 18, 2005, holding that Plaintiff had failed to state any valid claim for relief as a matter of law. Plaintiff filed a notice of appeal and sought *in forma pauperis* ("IFP") status on appeal. The district court certified that an appeal would not be taken in good faith, denied the application to proceed without prepayment of fees, and directed Plaintiff either to pay the ($255) appellate filing fee or to file a motion to proceed IFP in the Sixth Circuit. Plaintiff filed a motion to proceed IFP with the Sixth Circuit, and by Order entered February 16, 2006, the Sixth Circuit denied the motion. Plaintiff then filed a motion to reconsider and a motion for the name of the judge who denied her permission to

appeal IFP. By Order entered July 19, 2006, a Sixth Circuit panel denied the motion to reconsider. The appeal was dismissed by the Sixth Circuit on August 30, 2006, for want of prosecution.

**(2)** *Marshall v. Johnson et al.*, **3:05CV-261-S.** On May 2, 2005, Plaintiff filed a *pro se* complaint against three Louisville FBI officers and the Louisville FBI office, alleging that the FBI failed to investigate her claim that she was the victim of a hate crime and that the FBI placed an illegal wiretap on her phone. This suit is virtually identical to the present one. Plaintiff filed an application to proceed without prepayment of fees, which was granted. The Court thus screened her complaint pursuant to 28 U.S.C. § 1915(e) prior to service on the defendants. By Memorandum Opinion and Order entered May 20, 2005, the Court dismissed the action as frivolous and for lack of subject matter jurisdiction. The Court further certified that an appeal would not be taken in good faith. Plaintiff appealed the judgment and sought IFP status on appeal, which this Court denied by Order entered August 10, 2005. Plaintiff filed a motion to proceed IFP in the Sixth Circuit, which was denied by Order entered February 10, 2006. She filed a motion to reconsider and a motion for the name of the judge denying her permission to proceed IFP. On June 2, 2006, a Sixth Circuit panel denied her motion to reconsider, denied her motion for the name of the judge, and dismissed the appeal for failure to pay the requisite filing fee.

**(3)** *Marshall v. Ackerman et al.*, **3:05CV-458-R.** On August 12, 2005, Plaintiff filed a *pro se* complaint against BellSouth Communications, Inc., and its CCO, Duane Ackerman, seeking damages due to an illegal wiretap allegedly placed on her phone by the FBI and seeking cessation of the illegal wiretap, dissolution of bills for service, and termination of all BellSouth

employees involved. Plaintiff sought pauper status, which was granted. The Court thus screened the complaint pursuant to 28 U.S.C. § 1915(e) prior to service on the defendants. By Memorandum Opinion and Order entered June 9, 2006, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and certified that an appeal would not be taken in good faith. Plaintiff did not appeal this judgment.

    **(4)**    *Marshall v. Howard et al.*, **3:06CV-354-H.** On July 24, 2006, Plaintiff filed this *pro se* complaint against Ken Howard, the Hardin County Attorney, and Irvin Maze, the Jefferson County Attorney alleging that the defendants failed to properly prosecute the alleged hate crime committed against her. Plaintiff sought and was granted pauper status. The Court thus screened the complaint pursuant to 28 U.S.C. § 1915(e) prior to service on the defendants. By Memorandum Opinion and Order entered March 27, 2007, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and certified that an appeal would not be taken in good faith. Plaintiff did not appeal this judgment.

    **(5)**    *Marshall v. Yates et al.*, **3:06CV-611-S.** On November 30, 2006, Plaintiff filed this *pro se* action against Mark Yates, Will Beard, Wilma Wike and Tyler Stone, alleging that in 2004 the defendants conspired to commit a hate crime against her and committed other acts against her. Plaintiff sought and was granted pauper status. The Court thus screened the complaint pursuant to 28 U.S.C. § 1915(e) prior to service on the defendants. By Memorandum Opinion and Order entered January 29, 2007, the Court dismissed her complaint for failure to state a claim upon which relief may be granted and certified that an appeal would not be taken in good faith. Plaintiff filed a notice of appeal. She also sought leave to proceed IFP on appeal, which this Court denied. The appeal is still pending.

**(6)** *Marshall v. Willner et al.*, **3:06CV-665-S**. On December 28, 2006, Plaintiff filed this *pro se* action against Insight Communications, AT&T Inc., Cingular Wireless, and various individual employees alleging that defendants have been illegally wiretapping her phone since the alleged 2004 hate crime. While Plaintiff has added some additional defendants, the causes of action and nature of complaint are identical to the claims in *Marshall v. Ackerman et al.,* 3:05CV-458-R, which were all dismissed. Plaintiff sought and was granted pauper status. The Court will thus have to screen the complaint pursuant to 28 U.S.C. § 1915(e) prior to service on the defendants.

**B.     Proposed order restricting Plaintiff's ability to file additional lawsuits in this Court arising out of the 2004 alleged hate crime and ensuing events.**

As can be seen above, Plaintiff continues to file repetitive lawsuits against the same or similar defendants relating to the 2004 alleged hate crime. This abuse of the judicial process must end. Accordingly, the Court will direct Plaintiff to show cause in writing why an injunction should not issue prohibiting her from filing any further pleadings in this Court that relate to the alleged 2004 hate crime and ensuing events without prior leave of Court, and also barring her from proceeding *in forma pauperis* in this Court in any future actions. The terms of the proposed injunction are as follows:

> Upon consideration of the Court, it is hereby ordered that Connie Marshall and her agents, legal or personal, be enjoined from filing any further pleadings arising out of the alleged hate crimes committed against her in 2004 without prior leave of Court. Plaintiff has filed seven previous lawsuits in this Court concerning the alleged 2004 hate crimes: 1) *Marshall v. Hall-Craig et al.*, 3:04CV-612-S; 2) *Marshall v. Johnson et al.*, 3:05CV-261-S; 3) *Marshall v. Ackerman et al.*, 3:05CV-458-R; 4) *Marshall v. Howard et al.*, 3:06CV-354-H; 5) *Marshall v. Yates et al.*, 3:06CV-611-S; 6) *Marshall v. Willner et al.*, 3:06CV-665-S; and 7) *Marshall v. Johnson et al.*, 3:07CV-171-H.
>
> In order to obtain leave of Court, Plaintiff shall certify that the claim or claims she

wishes to present are new claims never before raised and disposed by any federal court. She shall also certify that her action is taken in good faith and that the claims are not frivolous or malicious. Any motion for leave of Court filed by Plaintiff shall include a copy of this Order. Failure to comply strictly with the terms of the Court's injunction will be grounds for summarily denying leave to file.

It is further ordered that because Connie Marshall has grossly abused the privilege of invoking the judicial process by filing numerous frivolous and vexatious lawsuits in bad faith, the Court will deny *in forma pauperis* status to Connie Marshall in any and all civil lawsuits or actions she may seek to file in the United States District Court for the Western District of Kentucky. From the date of this Order forward, Connie Marshall shall not be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 in any cases in this Court, and she will be required to pay all applicable, standard filing fees.

The Court regrets that the imposition of such an injunction is necessary. However, every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of this institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180 (1989). The Court simply cannot allow Plaintiff's vexatious litigation habits to consume anymore of the Court's limited resources. The intent of the proposed injunction is not to completely foreclose Plaintiff's access to the Court. Rather, the proposed injunction is narrowly tailored to deter further frivolous and vexatious litigation by Plaintiff.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        4412.008